# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A14-0346
# A14-0347

Ramsey County, petitioner,
Appellant,
Y. T., petitioner,
Respondent,

vs.

Guardian ad Litem, X. L.,
Respondent,
C. L.,
Respondent

Ramsey County, petitioner,
Appellant,
M. Q. Y., petitioner,
Respondent

vs.

K. S. L.,
Respondent.

**Filed September 2, 2014**
**Reversed and remanded**
**Chutich, Judge**

Ramsey County District Court
File No. 62-FA-13-3200

John J. Choi, Ramsey County Attorney, Autumn L. Nelson, Assistant County Attorney, Patrick M. Hest, Assistant County Attorney, St. Paul, Minnesota (for appellant)

Y.T., St. Paul, Minnesota (pro se respondent)

C.L., St. Paul, Minnesota (pro se respondent)

X.L., St. Paul, Minnesota (guardian ad litem)

M.Q.Y., St. Paul, Minnesota (pro se respondent)

K.S.L., St. Paul, Minnesota (pro se respondent)

Considered and decided by Halbrooks, Presiding Judge; Chutich, Judge; and Klaphake, Judge.[*]

**S Y L L A B U S**

Minnesota Statutes section 257.75, subdivision 3 (2012), does not bar a county providing public assistance to a child from filing a parentage action to adjudicate the father-child relationship even though a minor parent has signed a "recognition of parentage" and no competing presumptions of paternity exist.

**O P I N I O N**

**CHUTICH**, Judge

In these consolidated appeals, appellant Ramsey County challenges a child support magistrate's dismissal of two parentage actions involving minors who signed "recognition of parentage" documents. The county contends that the magistrate improperly interpreted Minnesota Statutes section 257.75, subdivision 3, to bar such actions. Because we conclude that Minnesota Statutes section 257.75 and the provisions of the Minnesota Parentage Act, when read together and construed as a whole, allow a court to determine paternity when a person under the age of 18 has signed a "recognition of parentage," we reverse and remand for further proceedings consistent with this opinion.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment under Minn. Const. art. VI, § 10.

2

## FACTS

Ramsey County brought these two actions, which were consolidated on appeal, to determine the parentage[1] of children who receive public assistance. Each case involves a parent who signed and filed a "recognition of parentage" when the parent was under the age of 18.

The first appeal, A14-0346, involves a child, A.L., born on February 12, 2013, to Y.T., who was 19 years old, and C.L., who was 16 years old. They signed a "recognition of parentage" in February 2013, acknowledging that they were A.L.'s parents. C.L. is listed on A.L.'s birth certificate as A.L.'s father.

At the hearing on paternity and child support before the child support magistrate, C.L. was 17 years old and still in high school. He was appointed a guardian ad litem. Genetic testing shows that C.L. is the biological father of A.L. with a probability of 99.99%. Before the hearing, the parties agreed that C.L. was the legal father of A.L. They also agreed to joint legal and physical custody, with parenting time set equally between Y.T. and C.L. Child support remained in dispute, and testimony ensued on this issue.

In the second appeal, A14-0347, M.Y. was 17 years old when she gave birth to P.L. While still 17, she and K.L. signed a "recognition of parentage" acknowledging that they were P.L.'s parents. K.L. is listed as P.L.'s father on P.L.'s birth certificate. Because M.Y., K.L., and P.L. receive public assistance, Ramsey County began parentage

---

[1] A parentage action may determine not only the father of the child (paternity), but other issues such as parenting time, the name of the child, and child support. *See* Minn. Stat. § 257.57, .66 (2012).

3

and child support actions against K.L. Genetic testing shows that K.L. is P.L.'s biological father with a probability of 99.99%. At the hearing before the child support magistrate, the parties agreed on parentage, joint legal and physical custody, parenting time, and child support, and the record showed that M.Y., K.L., and P.L. were living together as an "intact family."

In both cases, the magistrate dismissed the paternity portion of the parentage action. The magistrate explained that dismissal of the paternity actions was appropriate because the fathers were listed on the child's birth certificates and that the third sentence in section 257.75, subdivision 3 (regarding the effect of a signed "recognition of parentage"), prohibited the court from ruling on the issue of paternity. This consolidated appeal followed.

## ISSUES

I. Does Minnesota Statutes section 257.75, subdivision 3, prohibit a district court from adjudicating paternity when a minor signs and files a "recognition of parentage" and no competing presumptions of paternity exist?

II. When a minor parent signs a "recognition of parentage," does the subsequent appearance of the father's name on a birth certificate conclusively prove the father-child relationship?

## ANALYSIS

**I. Minnesota Statutes Section 257.75, Subdivision 3, Does Not Prevent a District Court from Adjudicating Paternity When a Person Under the Age of 18 Has Signed a "Recognition of Parentage."**

Ramsey County claims that the child support magistrate erred by refusing to adjudicate paternity because at least one parent was under the age of 18 when the parents

4

signed a "recognition of parentage."[2]  Ramsey County contends, and we agree, that the child support magistrate misinterpreted section 257.75 and the Minnesota Parentage Act by concluding that it could not adjudicate parentage when a minor executed a "recognition of parentage" and no competing presumptions of paternity existed.

Interpretation of section 257.75 and the Minnesota Parentage Act is a question of law that appellate courts review de novo. *Cnty. of Dakota v. Blackwell*, 809 N.W.2d 226, 228 (Minn. App. 2011); *Dorman v. Steffen*, 666 N.W.2d 409, 411 (Minn. App. 2003). "Our goal when interpreting statutory provisions is to ascertain and effectuate the intention of the legislature.  If the meaning of a statute is unambiguous, we interpret the statute's text according to its plain language." *Brua v. Minn. Joint Underwriting Ass'n*, 778 N.W.2d 294, 300 (Minn. 2010) (internal citations and quotations omitted).

As a threshold matter, a "recognition of parentage" is a way for unmarried parents to assert that they are the biological parents of a child.  To be valid, the recognition must be in the form approved by the state, signed before a notary public, and filed with the state registrar of vital statistics.  Minn. Stat. § 257.75, subd. 1.

Section 257.75, subdivision 3, governs the effect to be given to a properly signed and filed "recognition of parentage."  Subdivision 3 provides in relevant part:

> Subject to subdivision 2 and section 257.55, subdivision 1, paragraph (g) or (h), the recognition has the force and effect of a judgment or order determining the existence of the parent and child relationship under section 257.66.  If the conditions in section 257.55, subdivision 1, paragraph (g) or (h), exist,

---

[2]  None of the respondents filed a brief in these cases.  "If the respondent fails or neglects to serve and file its brief, the case shall be determined on the merits."  Minn. R. Civ. App. P. 142.03.

the recognition creates only a presumption of paternity . . . . Once a recognition has been properly executed and filed with the state registrar of vital statistics, if there are no competing presumptions of paternity, a . . . court may not allow further action to determine parentage regarding the signator of the recognition.

Minn. Stat. § 257.75, subd. 3.[3]

The first sentence of the subdivision states the general rule that, absent three exceptions, a properly signed and filed recognition "has the force and effect of a judgment or order determining the existence of the parent and child relationship under section 257.66." *Id.* In other words, barring a stated exception, the recognition is a conclusive determination of paternity.

One of the three stated exceptions to a recognition having the force of a judgment occurs, however, when a recognition is executed when "either or both of the signatories were less than 18 years of age." *Id.*; Minn. Stat. § 257.55, subd. 1(h) (2012). Indeed, the second sentence of subdivision 3 specifically reaffirms that a "recognition of parentage" signed by a minor "creates only a presumption of paternity." Minn. Stat. § 257.75, subd. 3; *see also* Minn. Stat. § 257.55, subd. 1(h) (establishing a presumption of paternity when a minor parent or parents sign a "recognition of parentage").

Moreover, a separate subdivision of section 257.75 emphasizes that "[a] recognition of parentage executed and filed . . . by a minor parent creates a presumption of paternity" for purposes of the Minnesota Parentage Act. Minn. Stat. § 257.75, subd. 9.

---

[3] Minnesota Statutes section 257.66 lays out the requirements for, and effects of, judgments or orders in parentage actions.

Despite this statutory language establishing separate treatment for the effect of recognitions signed by a minor parent, the child support magistrate focused solely on the third sentence of subdivision 3, and we have long recognized that "[w]ords and sentences are to be understood . . . in light of their context and are not to be viewed in isolation." *Schwanke v. Minn. Dep't of Admin.*, ___ N.W.2d ___, ___, 2014 WL 3844200, at *6 (Minn. Aug. 6, 2014) (quotation omitted). This sentence provides: "Once a recognition has been properly executed and filed with the state registrar of vital statistics, if there are no competing presumptions of paternity, a . . . court may not allow further action to determine parentage regarding the signator of the recognition." Minn. Stat. § 257.75, subd. 3.

Contrary to the magistrate's reasoning, we believe that this sentence, when read in context with the first two sentences of subdivision 3, and the Minnesota Parentage Act, applies only to a "recognition of parentage" signed by adults. The act, along with section 257.75, states in three separate provisions that a minor parent "recognition of parentage" creates only a presumption of paternity. *See* Minn. Stat. §§ 257.55, subd. 1(h), .75, subds. 3, 9. If the third sentence in subdivision 3 of section 257.75 applies to all signed recognitions of parentage—regardless of the age of the parent when signing the document—the first two sentences of subdivision 3 that govern the effect of a "recognition of parentage" signed by a minor would have no meaning. Yet it is well established that statutes must be read to give effect to all provisions. *See Schwanke*, 2014 WL 3844200, at *6.

7

In addition, other language of the Minnesota Parentage Act supports distinguishing between a "recognition of parentage" signed by a minor and one signed by two adults and supports permitting the county to bring a paternity action even after a "recognition of parentage" is signed by a minor. For example, section 257.57 discusses *when* an action may be brought to determine paternity in a case in which a presumption of a father-child relationship arises from a "recognition of parentage" signed by a person under the age of 18. *See* Minn. Stat. § 257.57, subd. 2 (2012).

Section 257.57, subdivision 2(1), specifically allows a county providing child support to bring an action "*at any time*" to declare "the existence of the father and child relationship presumed under section[] 257.55, subdivision 1, paragraph . . . (h) . . . ." *Id.*, subd. 2(1) (emphasis added). Moreover, no language in subdivision 2(1) limits the ability of the county to bring a parentage action only when *competing* presumptions of paternity exist.

We agree with the child support magistrate that "a presumption of paternity is important and powerful." But Ramsey County's decision to initiate parentage actions to conclusively determine paternity, rather than simply determine child support, is supported not only by the relevant statutory provisions, but by caselaw and common law. Appellate courts have recognized that presumptions "are not conclusive of paternity, but rather create a functional set of rules that point to a likely father." *In re Welfare of C.M.G.*, 516 N.W.2d 555, 558 (Minn. App. 1994). A presumption can be rebutted by clear-and-convincing evidence. Minn. Stat. § 257.55, subd. 2. "The presumptions serve the practical purpose of establishing paternity in the eyes of the law and the community until

8

something more is done either to attack the presumption or to establish by action a father who will be viewed as conclusive in the eyes of the law." *C.M.G.*, 516 N.W.2d at 558; *see also Wilson v. Speer*, 499 N.W.2d 850, 854–55 (Minn. App. 1993) (finding that the presumptive father had a duty to pay child support under a previous version of the "recognition of parentage" statute and also that a child or mother may bring a formal paternity adjudication action at any time to obtain legal benefits beyond child support). Thus, while a presumption of paternity carries weight, establishing paternity with clarity and finality provides further benefits to the parties and their child.

Finally, construing the provisions of the Minnesota Parentage Act and section 257.75 together to allow a paternity action by the county in cases involving a "recognition of parentage" signed by a minor is consistent with other laws that recognize that those under 18 may not have legal capacity to enter into legally binding contracts or may need guidance in matters of great weight. *See* Minn. Stat. § 517.02 (2012) (allowing those under the age of 18 but at least 16 to marry only with the consent of their parents or guardian and court approval); Minn. R. Civ. P. 17.02 (requiring court to appoint a guardian if a minor is not represented in a pending legal action because of the minor's limited capacity); 5 Richard A. Lord, *Williston on Contracts* § 9:5 (4th ed. 2009) (stating that capacity of minors to contract is limited because the minor may disaffirm the contract).

In fact, one provision of the Minnesota Parentage Act, section 257.57, subdivision 2(4), recognizes this principle because it allows a minor signatory to a "recognition of parentage" an additional six months after turning 18 years old to bring an action to

9

declare the non-existence of the father-child relationship, an allowance not made for adult signatories. Notably, however, for purposes of these appeals, this section does *not* provide that a "recognition of parentage" signed by a minor *becomes conclusive* once the minor reaches the age of 18 and one-half years old. *See* Minn. Stat. § 257.57.

In sum, given all the references in the Minnesota Parentage Act distinguishing the effects of a "recognition of parentage" signed by a minor from the effects of one signed by an adult, we hold that section 257.75, subdivision 3, does not bar a county providing child support from initiating a parentage action to determine paternity, even after a "recognition of parentage" has been signed by a person under the age of 18. Such a holding is consistent with caselaw and the common law concerning the limited capacity of minors to enter into binding agreements.

II. **When a Father's Name is Placed on a Birth Certificate Because of a "Recognition of Parentage" Signed by a Minor Parent, the Birth Certificate Alone Does Not Conclusively Establish Paternity.**

Minnesota Statutes section 144.215 (2012) and Minnesota Rule 4601.0600 (2013) state that a father's name may be added to a birth certificate when paternity is established by the district court or when a properly executed "recognition of parentage" is filed with the state. Because a "recognition of parentage" signed by a minor creates only a presumption of paternity and does not have the force and effect of an order adjudicating paternity, the appearance of the father's name on the birth certificate, by itself, does not conclusively determine the father-child relationship. *See* Minn. Stat. § 257.55, subd. 1(h), .75.

**D E C I S I O N**

Because we hold that the Minnesota Parentage Act and section 257.75 allows courts to adjudicate parentage actions when a minor signs a "recognition of parentage," and because the appearance of the father's name on a birth certificate following a minor's signature on a "recognition of parentage" does not conclusively establish paternity, we reverse the child support magistrate's dismissal of the paternity actions and remand for further proceedings consistent with this opinion.

**Reversed and remanded.**